Janet L. SCHMITT, Plaintiff/Appellant,

v.

**BLUE CROSS AND BLUE SHIELD OF MISSOURI, Defendant/Respondent.**

No. 66762.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1995.

Richard J. Eisen, St. Louis, for plaintiff/appellant.

Elkin Kistner, St. Louis, for defendant/respondent.

CRAHAN, Judge.

This is an action arising under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, as a result of Blue Cross and Blue Shield of Missouri's ("BCBSMO") denial of medical benefits to Janet L. Schmitt ("Plaintiff"). The trial court entered summary judgment in favor of BCBSMO. We affirm.

Plaintiff is a participant in an employee health insurance plan ("Plan") issued through her employer, American Model Builders. BCBSMO acts as the Plan administrator. Plaintiff's participation in the Plan became effective on March 1, 1990.

The Plan excludes coverage for certain pre-existing conditions under the following terms:

Any Condition, or manifestation thereof which existed before the Participant's Enrollment Date, but only if on or before such Date:

1. the Condition or manifestation was known to the Participant, the Condition could have been diagnosed from the manifestation with reasonable certainty by a Physician, or

2. the Participant was under the Care of a Provider, or such Care was recommended, for the Condition or manifestation.

Plaintiff has had a history of migraine headaches since the age of ten, for which she has sought treatment and taken medications. Apparently due to this history of migraines, Plaintiff also signed an "Application Amendment," incorporated into the Plan, in which Plaintiff expressly agreed that her BCBSMO membership "shall not cover, and will not provide benefits in connection with, related to, or on account of" migraine headaches.

The treatment for which Plaintiff sought coverage from the Plan stemmed from an incident on March 20, 1990, when Plaintiff awoke feeling ill and confused and experienced a bi-frontal headache and visual problems. Plaintiff sought treatment and underwent numerous medical examinations and tests, including an angiography of her cerebral vessels.

Plaintiff submitted numerous bills to BCBSMO for payment, totaling over $6,700.00. All were denied on the grounds that the treatment was for a pre-existing condition and related to migraine headaches which is expressly excluded under the "Application Amendment" incorporated into the Plan. Plaintiff timely sought reconsideration of the denial, which was also denied.

Plaintiff then commenced this action to recover benefits due her pursuant to 29 U.S.C. § 1132(a)(1)(B). BCBSMO filed its motion for summary judgment, asserting its determination to deny benefits to Plaintiff was not arbitrary or capricious but based on its thorough review of the medical evidence. In support of its motion, BCBSMO attached the affidavit of Janice Forsyth, the Senior Vice President and General Counsel for BCBSMO. One of her duties is the investigation of claims submitted to BCBSMO for payment. Ms. Forsyth explained how claims are examined and processed in accordance with the terms and conditions of the particular plan. The claims submitted are reviewed by BCBSMO's medical review staff and a determination is made as to coverage. Plaintiff's claims, according to Ms. Forsyth, fell within the pre-existing conditions clause and were determined to be related to her migraine headaches.

BCBSMO also submitted its administrative file containing all medical records and correspondence pertaining to Plaintiff's claim. The correspondence includes letters written

by treating physicians as well as inter-office correspondence within BCBSMO. Plaintiff filed a response to BCBSMO's motion but did not submit any affidavits or other evidence. The trial court granted BCBSMO's motion for summary judgment. This appeal followed.

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). On appeal of a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.*

■ In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989), the Supreme Court set forth the standard to be used in ERISA cases involving review of benefit denial decisions. Based on principles of trust law, "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 109 S.Ct. at 956–57. If the plan gives the administrator discretionary authority to determine eligibility for benefits or to construe its terms, the *de novo* standard does not apply and the decision of the administrator is to be reviewed under the more deferential "abuse of discretion" standard. 489 U.S. at 110–11, 109 S.Ct. at 954; *St. Louis Children's Hosp. v. Commerce,* 799 S.W.2d 87, 95 (Mo.App.1990). However, if the administrator is shown to be operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there was an abuse of discretion. *Firestone,* 489 U.S. at 115–16, 109 S.Ct. at 957, citing Restatement (Second) of Trusts, § 187, Comment *d* (1959).

■ The Plan in this case gives BCBSMO sole discretion to determine covered expenses. Both parties acknowledge this discretionary authority. Because the Plan gives BCBSMO discretionary authority to determine eligibility for benefits, the determination must be reviewed under the deferential abuse of discretion standard. *St. Louis Children's Hosp.,* 799 S.W.2d at 95.

■ In her first point, Plaintiff asserts the trial court erred in granting summary judgment in that it overlooked evidence that BCBSMO had a conflict of interest, which *Firestone* indicates is a factor that must be considered in determining whether there was an abuse of discretion. Plaintiff contends BCBSMO was operating under a conflict because it was in charge of administering the Plan as well as paying benefits under it.

In support of her contention Plaintiff cites *Wilson v. Group Hospitalization,* 791 F.Supp. 309, 312 (D.D.C.1992). In *Wilson,* the plaintiff sought a preliminary injunction enjoining an insurer from refusing to pay based on a suspect amendment to the plan excluding coverage for antologous bone marrow transplants. Because the insurer had both issued the policy and was in charge of administering it, the court found an inherent conflict: "In its fiduciary role, the insurance company interprets the plan, determining what expenses are covered . . . [which] is the same company that will ultimately pay for those expenses from its own coffers." *Id.* at 312. The defendant insurer conceded that it acted out of self-interest, so the court gave the insurer's interpretation less deference. *Id.* at 312–13.

Plaintiff's reliance on *Wilson* is misplaced because, as the trial court found, Plaintiff failed to establish any conflict on the part of BCBSMO. Plaintiff did not allege any conflict in her petition. The provisions of the Plan cited by Plaintiff on appeal (but not in her response to BCBSMO's motion) merely establish that BCBSMO, as administrator of the Plan, makes payments for covered expenses. There is no evidence in the record that BCBSMO is required to make payments from its own assets or that it otherwise has a direct financial stake in its determinations. Nor is there evidence BCBSMO would not be reimbursed for any payout of benefits. Absent some showing that BCBSMO was improperly motivated by a conflict of interest, no genuine issue of fact is raised as to the

appropriate scope of review. Thus, Plaintiff's first point must be denied.

 Under the appropriate discretionary standard, the administrator's interpretation must be upheld unless it is shown to be arbitrary and capricious. *Finley v. Special Agents Mut. Ben. Ass'n, Inc.*, 957 F.2d 617, 621 (8th Cir.1992); *Baxter by and through Baxter v. Lynn*, 886 F.2d 182, 187 (8th Cir. 1989); *Tabor v. Prudential Ins. Co. of America*, 830 F.Supp. 510, 514 (E.D.Mo.1993); *Friesen v. General Motors Corp.*, 759 F.Supp. 560, 564 (E.D.Mo.1991). Review is limited to the evidence before the administrator at the time of the determination. *Cox v. Mid–America Dairymen, Inc.*, 965 F.2d 569, 573 n. 4 (8th Cir.1992); *Oldenburger v. Central States Pension Fund*, 934 F.2d 171, 174 (8th Cir.1991). The court must defer to the administrator's decision even if it is one with which the court disagrees. Restatement (Second) of Trusts § 187, cited by the Supreme Court in *Firestone*, provides in Comment *e:*

> If discretion is conferred upon the trustee in the exercise of a power, the court will not interfere unless the trustee in exercising or failing to exercise the power acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment. The mere fact that if the discretion had been conferred upon the court, the court would have exercised the power differently, is not a sufficient reason for interfering with the exercise of the power by the trustee.

The exhibits submitted in support of BCBSMO's motion for summary judgment establish that its determination in this case was within the bounds of reasonable judgment. The amendment to the Plan executed by Plaintiff expressly excluded coverage or benefits "in connection with, related to, or on account of" migraine headaches. The administrative file compiled by BCBSMO in evaluating Plaintiff's claim contains a letter from Dr. Stuart Weiss, Plaintiff's treating physician, to Dr. Charles Hiatt, dated September 20, 1990, in which Dr. Weiss diagnosed Plaintiff as having "a hypercoaguable state, associated with her anticardiolipin antibodies and her migraine which has resulted in the right posterior cerebral artery infarction and subsequent visual field defect." Basing its decision on this letter and its own medical review, BCBSMO determined the claims submitted were related to her migraine headaches and therefore expressly excluded under the amendment.

 In her second point, Plaintiff nevertheless claims summary judgment was inappropriate because there was a disputed issue of fact "in that the record failed to present competent medical evidence that the plaintiff's medical condition for which she sought coverage was the same condition which had caused her previous migraine headaches." Plaintiff urges the general rule that exceptions and limitations contained in insurance policies are to be strictly construed against the insurer should apply to constructions of health benefit plans, citing *First Southern Ins. Co. v. Jim Lynch Ent., Inc.*, 932 F.2d 717, 719 (8th Cir.1991), and that any ambiguous clauses should narrow the scope of the exclusion. Such rules of construction for insurance contracts, however, have no application to ERISA plans. *Finley v. Special Agents Mut. Ben. Ass'n, Inc.*, 957 F.2d 617, 619 (8th Cir.1992).

Plaintiff further urges that the September 20, 1990 letter from Dr. Weiss is too ambiguous to support BCBSMO's determination. Plaintiff argues that his use of the words "her migraine" is subject to multiple meanings. She argues that "her migraine" could refer to the headache which occurred on March 30, 1990, along with the accompanying visual defect, or to her previous migraine headaches. The reference to "her migraine" in the letter also does not specify whether the cause of the migraine was the same as her previous headaches, or whether the cause was a new condition which, as a symptom, caused a headache and other symptoms like visual defects. Because the use of "her migraine" in the letter is ambiguous, Plaintiff maintains BCBSMO's reliance on it to make its determination renders its conclusion arbitrary and capricious.

Plaintiff's attempt to analyze the doctor's reference to "her migraine" is an exercise in

futility. It is of no significance whether "her migraine" meant a migraine sustained before the effective date of the policy or a migraine during the coverage period. The amendment which bears Plaintiff's signature contains no such conditions or limitations. It specifically forecloses benefits "in connection with, related to, or on account of" migraine headaches, irrespective of which migraine or series of migraines, when the migraine takes place, or the source of the migraine. There is no indication in the record that the cause of Plaintiff's prior migraines was ever established. The express exclusion for migraines was not tied to a specific cause. Thus, the fact that the medical records do not conclusively establish that the subject migraine was produced by the same condition is irrelevant. Any condition "related to" migraine headaches was excluded. The reasonableness of that exclusion is not before us. As we observed in *St. Louis Children's Hosp. v. Commerce*, 799 S.W.2d at 96:

> Since ERISA "does not regulate the substantive content of welfare-benefit plans," *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 [(1985)] an administrator's denial of benefits based on a reasonable interpretation of the plan's language survives judicial scrutiny, regardless of the reasonableness of the plan's terms.

Finally, Plaintiff points to conflicting evidence in the record reviewed by BCBSMO as raising a genuine issue of fact precluding summary judgment. She refers to two other letters in the file, both written by Dr. Stuart Weiss. In a letter dated August 7, 1990, Dr. Weiss wrote to BCBSMO explaining he did not believe the condition for which she sought treatment was related to her previous migraine and recommended angiography. On September 26, 1990, he again wrote to BCBSMO explaining the results of the angiography and other tests. In this letter, Dr. Weiss diagnosed a hypercoaguable state and stated this was not a condition known or present earlier. Given this evidence, Plain-tiff argues there was no decisive medical evidence to support a conclusion her condition was pre-existing or excludable under the Plan.

Though there is *arguably* conflicting evidence in the record, we are bound by the deferential standard of review and cannot substitute our view of the evidence and the weight to be given conflicting evidence for that of the Plan administrators. *Cox v. Mid–America Dairymen, Inc.*, 965 F.2d 569, 573 (8th Cir.1992). A determination denying benefits based on conflicting evidence does not render the decision unreasonable or foreclose summary judgment. *Oldenburger v. Central States Pension Fund*, 934 F.2d 171, 174 (8th Cir.1991).[1] The issue is whether the Plan administrator's decision was an abuse of discretion. In this case, we find that it was not an abuse of discretion for BCBSMO to place somewhat greater weight on Dr. Weiss' letter to a fellow practitioner than on his assessment tendered in an effort to assist Plaintiff in recovering benefits. In neither letter to BCBSMO does Dr. Weiss recant or contradict his September 20, 1990 assessment that the condition is "associated with ... her migraine." At best, the correspondence cited by Plaintiff suggests that the cause of the migraine may be different. As discussed above, this would not render the broad language of the exclusion inapplicable. BCBSMO's determination is based upon a reasonable construction of the Plan and evaluation of the evidence. Summary judgment in favor of BCBSMO was therefore proper.

The judgment is affirmed.

GRIMM, C.J., and REINHARD, P.J., concur.

---

1. Indeed, because the court cannot substitute its view of the evidence and weight to be given conflicting evidence for that of the administrator, in ERISA review cases, unlike other cases, establishing that the evidence before the administrator gives rise to a genuine issue of fact does not preclude summary judgment; it compels it.